VERNDALE GARAGE, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 26138, 27812.   Promulgated January 25, 1929.

*Herbert P. Mason, Esq.*, for the petitioner.
*Philip M. Clark, Esq.*, for the respondent.

58

OPINION.

TRUSSELL: The sole issue in this case is whether the petitioner is entitled to deduct from income additional allowances for salaries of

its president and its treasurer-general manager. The respondent has allowed the deduction of the salary actually paid to the treasurer-general manager. The additional deductions now contended for were not claimed in the returns filed by the petitioner.

Shortly after the petitioner was incorporated the directors authorized salaries as follows: for Connor, the president, $5,000 per annum; for Noll, the treasurer and general manager, $5,000 per annum as treasurer and $4,000 per annum as general manager. An understanding was arrived at orally at this meeting, however, to the effect that the salaries would not be paid if the income derived from operations was insufficient or if the cash capital necessary for the payment was not available. Noll regularly drew a salary of $75 per week, but he has never drawn any additional salary nor has Connor ever drawn any salary whatever. The undrawn salaries were not accrued upon the books of the petitioner. After several years of operation Connor and Noll disposed of their stockholdings in the petitioner and without claiming any part of the back salaries, they gave releases of all demands upon the petitioner.

Deductions from income for salaries are authorized in section 234 (a) (1) of the Revenue Act of 1921, with the provisos that the amount of the allowance shall be reasonable, the services shall have been actually rendered, and the expense shall have been paid or incurred during the taxable year.

In a situation such as this, where the petitioner comes forward to claim a deduction for expense which it did not claim when it filed the return and which is lacking of any support whatever from the books of account, due to the failure to accrue the salaries as liabilities, the first question which naturally arises is whether the expense was actually incurred during the taxable year. If it was not so incurred it is not deductible and it would be unnecessary to go into the question of the amount of a reasonable allowance.

It is in evidence that prior to the beginning of operations the board of directors of the petitioner duly authorized salaries in the amounts set out in the findings, but the directors also reached the understanding at this same meeting that the salaries would not be paid if cash was lacking or if, furthermore, the income from operations was insufficient. The petitioner was a close corporation. Conner and Noll, the intended recipients of the salaries, were two of the three individuals forming the board of directors. They were constantly in touch with the affairs of the petitioner and in daily contact with each other. They were the executive officers of the petitioner as well as directors. A salary was paid to Noll regularly, but the additional salaries now claimed have never been entered upon the books or claimed by the officers. In consideration of all of these facts the conclusion is unescapable that the original authorization was no

more than tentative and the interested parties by mutual understanding determined the amount of salaries actually incurred by the petitioner to be no more than the amount actually paid. Such a readjustment is no novelty in corporation procedure. The amounts finally agreed upon are governing. *Whitney Coal Mining Co.*, 4 B. T. A. 310. Certainly there is afforded no support to the petitioner's contention by any fine-spun theory of constructive receipt by the officers followed by a gift to the corporation through forgiveness of indebtedness. Cf. *H. C. Couch*, 1 B. T. A. 103. In our opinion there is no sufficient basis for an allowance of a deduction greater than that already allowed by the respondent. Cf. *H. B. Hill*, 3 B. T. A. 761; *George Bernards', Inc.*, 8 B. T. A. 716; *Arcadia Amusement Co.*, 14 B. T. A. 1335.

*Judgment will be entered for the respondent.*